NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE PATRICK FLARITY, | No. 20-35666 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05219-RBL |
| v. | |
| STATE OF WASHINGTON; PIERCE COUNTY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Joe Patrick Flarity appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims related

to a traffic infraction and a bridge closure by the state. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Flarity's request for oral argument, set forth in the opening and reply briefs, is denied.

28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm as to all defendants.

The district court properly dismissed Flarity's claims related to his traffic infraction for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims constituted a forbidden "de facto appeal" of a prior state court judgment. *Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court properly dismissed Flarity's claims related to the bridge closure because Flarity failed to allege facts sufficient to state a plausible due process or equal protection claim. *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-48 (1998) (the touchstone of due process is protection against arbitrary action of the government and prevents government conduct that shocks the conscience); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an

intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim has facial plausibility when the plaintiff pleads factual content allowing the reasonable inference that defendant is liable for the misconduct alleged); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a *Monell* claim cannot survive in the absence of an underlying constitutional violation); *cf. Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276-77 (1993) (describing federal guarantee of right to travel).

The district court did not abuse its discretion by denying Flarity's motion for recusal of the district judge because Flarity failed to establish extrajudicial bias or prejudice.  *See* 28 U.S.C. § 455 (circumstances requiring recusal); *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification under § 455(a)); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294-95 (9th Cir. 1992) (setting forth standard of review).

The district court did not abuse its discretion by denying Flarity's motions to disqualify counsel for Pierce County, compel initial disclosures, and stay the proceedings because Flarity failed to demonstrate any basis for such relief.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district court has broad discretion to manage its docket).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In light of our disposition affirming the dismissal of Flarity's claims as to all defendants, the opposed motions for summary affirmance and a stay of the briefing schedule (Docket Entry Nos. 16, 17) are denied as moot.

All remaining pending motions and requests are denied.

**AFFIRMED.**